[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11971
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00327-TCB-ECS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AKIL SCOTT,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 15, 2012)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Akil Scott appeals his 14-month sentence, imposed after pleading guilty to two counts of attempted possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846 (Counts 1 and 3); and two counts of extortion under color of official right, in violation of 18 U.S.C. § 1951(a) (Counts 2 and 4).  On appeal, Scott argues that his sentence is substantively unreasonable because the district court unfairly balanced the 18 U.S.C. § 3553(a) factors to emphasize deterrence, rather than fully account for his self-rehabilitation.  After a thorough review of the record and briefs, we affirm.

## I. BACKGROUND

Scott was a detention officer at the Fulton County Jail (FCJ).  In early 2010, the FCJ initiated an internal investigation based on reports from inmates that detention officers were smuggling cell phones, cigarettes, and illegal drugs into the jail for the inmates.  On August 2, 2010, Scott arranged a drug deal with an undercover Federal Bureau of Investigation (FBI) agent purporting to be an inmate's outside drug connection.  At a later meeting, the agent gave Scott a balloon filled with sham cocaine and $350 for the delivery, which Scott gave to the inmate.  Scott then allowed the inmate to use his cell phone to confirm delivery with the agent.  Scott continued to communicate with the agent by telephone, expressing interest in delivering more drugs to FCJ inmates.  On September 22,

2

2010, Scott met with the same agent and accepted another balloon and $300, which he then delivered to the same inmate.  Scott was arrested and later indicted on June 29, 2011, along with three other defendants who were indicted for similar conduct.

For Counts 1 and 3, the presentence investigation report (PSI) assigned a base offense level of 12 for an offense involving less than 25 grams of cocaine pursuant to U.S.S.G. § 2D1.1(c)(14).  Scott received a two-level enhancement because the offense involved distribution of a controlled substance in a correctional or detention facility, *see* U.S.S.G. § 2B1.1(b)(4), and a two-level enhancement for abusing a position of public trust in a manner that significantly facilitated the commission or concealment of the offense.  *See* U.S.S.G. § 3B1.3.  These adjustments yielded an offense level of 16.  For Counts 2 and 4, the PSI assigned a base offense level of 14, *see* U.S.S.G. § 2C1.1, and added two levels under § 2C1.1(b)(1) because the offense involved more than one extortion.  Under § 2C1.1(c)(1), the greater adjusted offense level was 16.

Scott received a three-level reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a) and (b), yielding a total offense level of 13.  Based on a criminal history category of I and a total offense level of 13, Scott's advisory Guideline imprisonment range was 12 to 18 months.  The maximum statutory

3

penalty was 20 years' imprisonment for each count.  Neither party objected to the PSI.

At sentencing, the district court summarized the PSI's factual findings and Guideline calculations before discussing the factors in this case, including the seriousness of an offense involving four federal felonies, Scott's personal hardships, and his genuine remorse and rehabilitation.  The court compared Scott's culpability with that of three other defendants in the interest of avoiding sentencing disparity, and denied Scott's request for one day of imprisonment.  The court sentenced Scott to 14 months of imprisonment and gave the following explanation:

> The court has carefully considered all sentencing factors set forth in 18 United States Code 3553(a) and the problem that this defendant has going against him is the need for deterrence.  I cannot countenance his conduct simply because he obviously has genuinely and thoroughly changed . . . . [B]ecause of the seriousness of the offense and because of the four counts being involved, I believe that a guideline sentence is appropriate.

(R1-35 at 19).  The court emphasized that it believed in Scott but could not "possibly go any less than [14 months] in light of the breach of the public trust and the danger to the jail." (*Id.* at 20).  Scott objected to the sentence as substantively and procedurally unreasonable due to the court's emphasis on deterrence to the exclusion of the other factors.

4

## II. DISCUSSION

We review the reasonableness of sentences under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). The party challenging the sentence has the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors.[1] *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

To be procedurally reasonable, the district court must correctly calculate the Guidelines range, consider all of the § 3553(a) factors, and make an "individualized assessment based on the facts presented." *See Gall*, 552 U.S. at 49–50, 128 S. Ct. 586, 596–97. The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense; (3) the need to promote respect for the law and afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with education and vocational training and medical care; (6) the kinds of sentences available; (7) the Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1)–(7).

5

criminal conduct, and protect the public from the defendant's future criminal conduct. *Id*. at 50, 128 S. Ct. at 596. A sentence may be substantively unreasonable if the district court arbitrarily selects the sentence, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors, or unjustifiably relies on any one factor. *See United States v. Pugh*, 515 F.3d 1179, 1191–92 (11th Cir. 2008) (citation and internal quotation marks omitted). A "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007). Every § 3553(a) factor need not be discussed. *See United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Instead, the district court need only make clear that it considered a number of the sentencing factors. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007).

Although we do not automatically presume the reasonableness of a sentence falling within the Guidelines range, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (citation omitted). A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam). We will reverse only if "left with

6

the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Pugh*, 515 F.3d at 1191 (internal quotation marks omitted).

Here, Scott argues that his sentence was substantively unreasonable because the district court put too much weight on the deterrence factor to the exclusion of the other § 3553(a) factors.  Scott argues that although the court recognized that Scott had "turned his life around," it focused too much on sending a message to other FCJ employees through Scott's sentence.  He further contends that he was less culpable than two other detention officers who were convicted, and the court's concern over sending a message could have been addressed by those other officers' sentences.  Scott argues that because the court unfairly balanced the factors to emphasize deterrence, rather than fully account for his self-rehabilitation, his sentence should be vacated and remanded for resentencing.

Contrary to Scott's argument, the district court did not give undue weight to general deterrence at the expense of the other § 3553(a) factors.  In fact, the court discussed the other factors at length, including the applicable Guideline range, Scott's background and post-offense rehabilitation, and the seriousness of committing four federal felonies involving a breach of public trust.  The court

7

acknowledged that Scott had "turned his life around," but felt that a Guideline sentence was appropriate after careful consideration of all of the sentencing factors, including, but not limited to, the need to deter criminal conduct. Moreover, Scott's 14-month sentence was at the lower end of the applicable Guideline range of 12 to 18 months' imprisonment, and well below the statutory maximum term of 20 years' imprisonment. 21 U.S.C. § 841(b)(1)(C); 18 U.S.C. § 1951(a). This court ordinarily expects such a sentence to be reasonable. *See Gonzalez*, 550 F.3d at 1324; *Hunt*, 526 F.3d at 746. Based on the record, Scott's sentence was not outside the range of reasonable sentences dictated by the facts of this case. *See Pugh*, 515 F.3d at 1191. Scott fails to meet his burden of showing that his 14-month sentence, imposed within the Guideline range, is substantively unreasonable in light of the record and the § 3553(a) factors.

Upon review of the entire record on appeal, and after consideration of the parties' appellate briefs, we affirm.

**AFFIRMED.**

8